UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mary Broadus,<br><br>    Plaintiff,<br><br> v.<br><br>Richard A. Johnson et al.,<br><br>    Defendants. | Case No. 16-cv-1211 (WMW/SER)<br><br>**ORDER** |

This matter is before the Court on Objector Kenneth Devon Lewis's application to proceed in forma pauperis (IFP), (Dkt. 213), in an appeal of the Court's Order Approving Petition for Distribution of Settlement Proceedings. Because the Court finds that Lewis's appeal is taken in good faith and he is entitled to proceed IFP, the IFP application is granted subject to the requirements set forth below. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).

The Prison Litigation Reform Act (PLRA) governs prisoners' IFP applications. 28 U.S.C. § 1915(b). Although a prisoner granted IFP status is *not* excused from paying the court filing fee, a prisoner granted IFP status may pay the filing fee in installments rather than paying the entire amount in advance. *See id.*; *accord Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time."). At the outset of an appeal, a prisoner proceeding IFP pays an initial partial filing fee that is equal

to "20 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the . . . notice of appeal." 28 U.S.C. § 1915(b)(1). The remaining balance must be paid in installments through regular deductions from the prisoner's trust account. *Id.* § 1915(b)(2). The prisoner also must provide "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the . . . notice of appeal." *Id.* § 1915(a)(2).

Lewis's statement indicates that the amount of his average monthly deposits during the preceding 6-month period was $76.37, and his average monthly balance during that period was approximately $51.61. Because the average monthly deposits exceeds the average monthly balance, Lewis's initial partial filing fee for this appeal is 20 percent of the average-deposits amount, or $15.27. This initial partial filing fee is due immediately.

If Lewis elects to pursue his appeal, the remaining balance of the appellate filing fee—$505—must be paid in later installments, and prison officials will be authorized to deduct funds from Lewis's trust account as Section 1915(b)(2) provides. Regardless of the outcome of his appeal, Lewis must pay this filing fee.

With respect to Lewis's earlier applications to proceed IFP, the application filed on April 19, 2019, (Dkt. 207), is denied as moot. Also, Lewis's motion filed on April 19, 2019, (Dkt. 208), is denied as moot to the extent that it seeks permission for Lewis to proceed IFP. In the April 19, 2019 motion, Lewis also requests (1) a copy of the transcript of a November 13, 2018 hearing and (2) copies of "any and all transcripts, settlements, and

common law records regarding this case." The November 13 hearing was recorded, but no transcript has been generated. The Court declines to incur that expense. As to the request for copies of all the filings in this case, it is Lewis's responsibility, not the Court's, to obtain copies of records for his use. Accordingly, both requests are denied.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Lewis's May 20, 2019 application to proceed in forma pauperis on appeal, (Dkt. 213), is **GRANTED**.

2. An initial partial filing fee for the appeal of $15.27 is due immediately.

3. Objector Kenneth Devon Lewis must pay $489.73, the unpaid balance of the statutory filing fee for this appeal, in the manner prescribed by 28 U.S.C. § 1915(b)(2). The Clerk of Court shall provide notice of this requirement to the authorities at the institution where Lewis is confined.

4. Lewis's April 19, 2019 application to proceed in forma pauperis, (Dkt. 207), is **DENIED** as moot.

5. Lewis's April 19, 2019 "Motion to Proceed In [Forma] Pauperis and Request for Free Transcripts," (Dkt. 208), is **DENIED** as moot to the extent it seeks to permit Lewis to proceed in forma pauperis on appeal. And the same motion is **DENIED** to the extent that Lewis seeks copies of a transcript of the hearing in this action on November 13, 2018, and "any and all transcripts, settlements, and common law records regarding this case."

Dated:  June 28, 2019                                              s/Wilhelmina M. Wright
                                                                                   Wilhelmina M. Wright
                                                                                   United States District Judge